UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

GEORGE and JACQUELINE ANDERSON,   No. 14-10623

Debtor(s).
_____/

Memorandum on Plan Confirmation, Motion to Dismiss and Motion for Stay Relief
_____

Debtors George and Jacqueline Anderson filed their Chapter 13 petition on April 24, 2014. Their schedules show insufficient income to fund any sort of meaningful plan. The plan they have filed calls for payments of $100 per month, which would not be enough to even pay their attorney's fees. They propose to prevail in litigation with the holders of the second and third deeds of trust on their home and, after prevailing, propose to obtain a reverse mortgage to resolve their financial problems.

The holder of the second deed of trust is the Arnot Law Firm, the Andersons' former attorneys. The Andersons argue that the deed of trust is invalid due to failure of the Arnot firm to go through the proper procedures. The Arnot firm argues that the matter was settled by the parties in 2012 and the settlement resulted in a judgment allowing foreclosure, so that the Andersons are barred by claim preclusion.

The holder of the third deed of trust is Mark Munkittrick. The Andersons allege that Munkittrick induced them to give him a note and deed of trust six years ago with the expectation that

1

Munkittrick would later sell his Florida property to them and that Munkittrick has breached a contract with the Andersons by selling the Florida property to someone else. This litigation appears complex and could go on for years.

The Andersons seek confirmation of their plan. Both the Arnot firm and Munkittrick object and have moved for dismissal. Munkittrick also seeks relief from the automatic stay. The court finds both the objections and the motions well taken.

A Chapter 13 plan must be proposed in good faith and not by any means forbidden by law. The plan proposes to stay enforcement of the Arnot and Muckkittrick liens while making no payments to them. This is an impermissible modification of their rights under § 1322(b)(2) of the Code, as well as a *sub rosa* preliminary injunction without a showing of merit to the Andersons' claims.

Moreover, the plan is based on the assumption that the Andersons will prevail in litigation. It is by no means clear that the Andersons will prevail, or even have meritorious claims. A debtor whose proposed Chapter 13 plan hinges upon a favorable litigation outcome cannot satisfy the feasibility requirement of § 1325(a)(6). See, e.g., *In re Jensen*, 425 B.R. 105, 110 (Bkrtcy.S.D.N.Y. 2010); *In re Ewald*, 298 B.R. 76, 82 (Bkrtcy.E.D.Va.2002); *In re Thornhill,* 268 B.R. 570, 574 (Bkrtcy. E.D.Ca.2001). *In re Reines*, 30 B.R. 555, 562 (Bkrtcy.D.N.J.1983). See especially *In re Ewald,* 298 B.R. 76, 82 (Bkrtcy.E.D.Va.2002), in which the court rejected a plan which, like the plan the Andersons propose, depended for success on winning a lawsuit against a holder of a deed of trust to the debtor's home. The court there held that such a plan was neither filed in good faith nor feasible. In this case, the court reaches the same conclusion.

For the foregoing reasons, the court will order as follows:

1. Confirmation of the Andersons' plan will be denied.

2. The Munkittrick motion for relief from the automatic stay will be granted, without prejudice to the right of the Andersons to seek injunctive or other relief in state court. The 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure will not be waived.

3. If the Andersons believe they can propose a confirmable plan (which, given their lack of

disposable income, does not seem likely), they shall file a request for additional time to file another plan within 20 days, outlining the general terms of such plan. If they fail to do so, or the request is denied, then the motion to dismiss will be granted.

    Counsel for the Arnot firm shall submit appropriate forms of order as to provisions 1 and 3 above. Counsel for Munkittrick shall submit an appropriate order as to provision 2, which counsel for the Andersons has approved as to form.[1]

Dated: August 6, 2014

                                        Alan Jaroslovsky
                                        Chief Bankruptcy Judge

---

[1] The court notes that counsel for Munkittrick has created a big mess by filing pleadings in the base case which belong in an adversary proceeding and filing pleadings properly in the base case with an adversary proceeding caption. If the order drafted by Munkittrick's counsel contains an adversary proceeding caption, counsel for the Andersons need not approve it and the court will certainly not sign it. Counsel is referred to Official Form 16B following the Federal Rules of Bankruptcy Procedure.